**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **M.B., C.H.-1, and C.H.-2,**

**No. 22-0395** (Fayette County 19-JA-97, 19-JA-100, and 19-JA-111)

**MEMORANDUM DECISION**

Petitioner Mother A.D.[1] appeals the Circuit Court of Fayette County's February 10, 2022, order terminating her parental rights to M.B., C.H.-1, and C.H.-2.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In July of 2019, the DHHR filed a petition alleging that then-ten-year-old M.B. had been sexually abused by her stepfather J.H. The DHHR further alleged in amended petitions that then-nine-year-old M.B. and then-eight-year-old C.S., another child not at issue on appeal, disclosed that petitioner was aware of the sexual abuse and failed to protect M.B. from the abuse; the petition's amendments also included allegations of domestic violence.

The circuit court held a series of contested adjudicatory hearings in June and August of 2020, wherein the DHHR called numerous witnesses and presented exhibits. Petitioner testified to several instances of domestic violence between she and J.H., including an incident during which M.B. called the police. Petitioner also testified that J.H.'s ex-paramour told her about J.H.'s sexual abuse of M.B. but petitioner admits that she refused to believe the allegation. After considering the evidence and the arguments of counsel, the court adjudicated petitioner as an abusing parent. Further, the court found that aggravated circumstances existed due to "repeated exposure to domestic violence and sexual abuse."

---

[1]Petitioner is self-represented. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Brittany Ryers-Hindbaugh. Vickie L. Hylton appears as the children's guardian ad litem ("guardian"). Additionally, as two children share the same initials, we refer to them respectively as C.H.-1 and C.H.-2 throughout this memorandum decision.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

In November of 2020, petitioner moved for a post-adjudicatory improvement period, which the circuit court denied, finding that she was "unlikely to take the necessary steps to protect the respondent children from [J.H.]." Petitioner renewed her motion for an improvement period in January of 2021, which the DHHR and the guardian supported. The circuit court granted the motion.

The circuit court held a final dispositional hearing in September of 2021. The DHHR presented evidence that petitioner had not been truthful with the multidisciplinary team members or the guardian regarding her relationship with J.H., who testified that he and petitioner, although recently divorced, remained in a romantic relationship. He also stated that he had sent petitioner money, he helped her move, and he had received sexually explicit pictures from petitioner. Petitioner testified that she had not been truthful about her ongoing contact with J.H.

Ultimately, the circuit court stated that petitioner had "engaged in a campaign of manipulation, lying, and eventual blame-shifting to avoid addressing her contributions to the abuse and neglect of the children." The court found that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future and that termination was necessary for the children's welfare.[3] Based upon these findings, the court terminated petitioner's parental rights by its February 10, 2022, order, which petitioner now appeals.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Petitioner puts forth six assignments of error. However, petitioner completely fails to develop any of her assignments of error and falls woefully short of complying with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, as she has failed to provide a single citation to the appendix record, cite authority, or otherwise provide support for her skeletal arguments. Rule 10(c)(7) requires, in relevant part, that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." Critically, this Rule also provides that

---

[3]The court's order also contained a lengthy section addressing petitioner's argument that she should be deemed a "battered spouse." First, the court explained that petitioner failed to raise the issue at any of her three adjudicatory hearings. Nonetheless, even if petitioner had been found to be a "battered spouse," the court stated that petitioner was not granted "leeway to avoid responsibility for her contribution to the children's abuse and neglect, nor does it provide her with a license to continue the same behaviors that placed [the] children at risk of abuse and neglect in the first instance."

[4]The father of C.H.-1 and C.H.-2 voluntarily relinquished his parental rights. M.B. achieved permanency with her nonabusing father. C.H.-1 was placed in the same home as M.B. with a permanency plan of adoption by M.B.'s father. C.H.-2 is placed in a foster home with two half-siblings and the permanency plan is adoption in that home.

"[t]he Supreme Court may disregard errors that are not adequately supported by specific references to the record on appeal." *Id*. As we have previously stated, "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (citation omitted). Because petitioner's assignments of error present a skeletal argument that is nothing more than a mere assertion, we find petitioner has failed to preserve these claims on appeal.

Nonetheless, we conclude that the circuit court's finding that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future is fully supported by the record, including petitioner's apparent failure to comply with the terms and conditions of her improvement period. *See* W. Va. Code § 49-4-604(d)(3) (providing that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child."); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that the conditions of neglect or abuse can be substantially corrected"). Upon this record, the Court finds no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 10, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: March 7, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn